**FILED**
**Apr 08, 2026**
**12:19 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| **YONNY PEREZ HERNANDEZ,**<br>      **Employee,**<br>**v.**<br>**PR MARINE CONSTR., LLC,**<br>      **Employer,**<br>**and**<br>**STONETRUST COM. INS. CO.,**<br>      **Carrier.** | **Docket No. 2025-80-3406**<br><br><br>**State File No. 860151-2025**<br><br><br>**Judge Shaterra R. Marion** |

## EXPEDITED HEARING ORDER

The Court held an expedited hearing on March 30, 2026. Mr. Hernandez sought medical benefits for his work injury. PR Marine contended that Mr. Hernandez did not present medical proof that his work injury caused his current symptoms and that he should not receive benefits due to his legal status and current location in Mexico.

For the reasons below, the Court holds that Mr. Hernandez is likely to prevail at a hearing on the merits in showing he is entitled to medical benefits for his work injury.

### Claim History

On July 17, 2023, Mr. Hernandez was helping carry a large post with four other people. The post fell on him, and he remembers nothing else until a helicopter arrived to take him to the hospital. According to him, the pole "split him open."

Mr. Hernandez suffered injuries to his back and jaw. The hospital wired his jaw shut and performed surgery on his back, inserting hardware. After being released, Mr. Hernandez attended four follow-up appointments.

1

Mr. Hernandez testified that after those appointments, he asked PR Marine for additional treatment but never received it. He moved to Texas about six months after his injury. On September 3, 2024, he was deported to Mexico for being in the United States illegally.

Mr. Hernandez testified he never received a panel from PR Marine, either in the six months he lived in Memphis after his injury, during his time in Texas, or after he returned to Mexico. PR Marine argued that it reached an agreement with Mr. Hernandez's attorney for Mr. Hernandez to see a doctor shortly before his deportation, but neither party submitted evidence of these agreements.

Mr. Hernandez received checks from PR Marine after his work injury, but those checks ended when he was deported. He stated he has trouble lifting more than 15 kilograms and cannot sit or stand for long periods without pain. He can feel the hardware in his back whenever he lie on a hard surface.

PR Marine argued that Mr. Hernandez offered no medical proof to relate his current symptoms to his work injury. It also argued that treating Mr. Hernandez in Mexico would be difficult, because it would be hard to find a credentialed physician, and the physician might be unable to assign restrictions or unwilling to be paid under the fee schedule.

### Findings of Fact and Conclusions of Law

Mr. Hernandez must prove he is likely to prevail at a hearing on the merits on his request for benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2025); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Generally, an employee must offer an expert medical opinion to prove his work caused his injuries. *Id.* § 50-6-102(12). However, that is not the case when the "[e]mployee's injury was so 'obvious' that no expert medical evidence was required to prove causation." *Willis v. All Staff*, No. M2016-01143-SC-R3-WC, 2017 Tenn. LEXIS 455, at *13 (Tenn. Workers' Comp. Panel May 22, 2017).

Additionally, the Appeals Board held that an employee may still be entitled to a panel of physicians even when he offered no medical proof that his work injury caused her symptoms. *McCord*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6 at *17-18. The Appeals Board relied on the employee's testimony, the exhibits, and the record as a whole in determining that the employee was entitled to a panel without medical proof. *Id.; see also Lewis v. Molly Maid,* 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at *8-9 (Apr. 20, 2016) (when employee offered unrebutted proof of a work incident, "while this evidence was insufficient to establish the compensability of her claim by

a preponderance of the evidence, it was sufficient to support an order compelling Employer to provide a panel of physicians.").

Here, Mr. Hernandez testified that the pole "split him open." A helicopter airlifted him to a hospital, where he had his jaw wired shut and back surgery with the insertion of hardware. PR Marine accepted the claim from the beginning. The Court holds that although Mr. Hernandez gave no medical proof to show causation, his injury was obvious, and his testimony and the record support a finding that his work injury caused the symptoms in his back and jaw.

PR Marine's contention that it does not owe Mr. Hernandez benefits because he was not in the country legally and does not currently live in the country is not supported by Tennessee law. It argued that Mr. Hernandez's legal status is similar to that of an incarcerated criminal and pointed to an American Law Review Article and a Kentucky court, which both stated that incarcerated criminals could not receive workers' compensation benefits. Noralyn O. Harlow, Annotation, *Workers' Compensation: Incarceration as Terminating Benefits*, 54 A.L.R.4th 241, 253-57 (1987); *Whitehead v. Johnson Supply Co.*, No. 93-CA-0610-WC, 1994 Ky. App. LEXIS 3 (Ky. Ct. App. 1994).

However, these authorities are merely persuasive, and Mr. Hernandez is not an incarcerated criminal. A Tennessee "employee" includes every person "whether lawfully or unlawfully employed." *Id*. § 50-6-102(10)(A). Further, employers must provide a panel of physicians when an injured employee expresses a need for medical care. *Id*. § 50-6-204(a)(3)(A). Employers must offer a new panel when an employee changes his community of residence and seeks a new panel. *Id*. § 50-6-204(a)(3)(F).

Words in a statute must be given their plain and ordinary meaning in the context in which they are used. *Shore v. Maple Lane Farms, LLC,* 411 S.W.3d 405, 420 (Tenn. 2013). Moreover, courts must avoid a construction that unduly restricts or expands the meaning of the language used, as every word is presumed to have meaning and purpose. *Id.* Nothing in the Tennessee workers' compensation statute denies medical benefits to someone based on their legal status or residency.

The Court is not persuaded by PR Marine's argument that it might be difficult to find a doctor for Mr. Hernandez in Mexico. PR Marine offered no evidence that it made attempts to find a doctor in Mexico; it solely advanced hypothetical arguments that it might be difficult to find a credentialed doctor. Further, logistical difficulties do not relieve an employer of its duty to furnish medical treatment.

The Court therefore holds that Mr. Hernandez is likely to prevail at a hearing on the merits in showing that his work injury caused his current symptoms and grants his request for medical benefits.

**IT IS, THEREFORE, ORDERED as follows:**

1. Mr. Hernandez's request for medical benefits is granted. PR Marine shall provide Mr. Hernandez with medical treatment made reasonably necessary by his July 17, 2023 injury under Tennessee Code Annotated section 50-6-204

2. The Court sets a status conference for **June 26, 2026, at 9:45 a.m. Central Time.** The parties must call (866) 943-0014 to participate. Failure to call might result in a determination of the issues without the party's participation.

3. Unless interlocutory appeal of this Expedited Hearing Order is filed, compliance with this Order must occur by seven business days of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3).

**ENTERED April 8, 2026.**

_____
**JUDGE SHATERRA R. MARION**
**Court of Workers' Compensation Claims**

**APPENDIX**

**Exhibits:**

1) Texas District Court Records
2) *[For Identification Only]* Medical Records

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on April 8, 2026.

| Name | Regular Mail | Email | Service sent to: |
|---|---|---|---|
| Stephen King, Employee's Attorney | | X | jking@evanspetree.com |
| Kyle Cannon, Employer's Attorney | | X | kcannon@gwtclaw.com |


_____
**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*